# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JUDICIAL WATCH., a District of Columbia corporation, and THE DAILY CALLER NEWS FOUNDATION, | ) ) ) ) ) | |
| | ) | C.A. No. N20A-07-001 MMJ |
|        Petitioners Below, Appellants | ) ) ) | |
| v. | ) ) | |
| UNIVERSITY OF DELAWARE, | ) ) | |
|        Respondent Below, Appellee. | ) ) ) | |

Submitted: March 7, 2022
Decided: June 7, 2022

On Remand from the December 6, 2021 Opinion
of the Supreme Court of the State of Delaware

## MEMORANDUM OPINION

Theodore A. Kittila, Esquire, William E. Green, Jr., Esquire, HALLORAN FARKAS + KITTILA LLP, Wilmington, Delaware; *for Appellants Judicial Watch, Inc. and The Daily Caller News Foundation.*

William E. Manning, Esquire, James D. Taylor, Jr., Esquire, Marisa R. DeFeo, Esquire, SAUL EWING ARNSTEIN & LEHR LLP, Wilmington, Delaware; *for Appellee University of Delaware.*

**JOHNSTON, J.**

**<u>Supreme Court Decision</u>**

Judicial Watch, Inc. and The Daily Caller News Foundation (collectively "Appellants") submitted requests under the Delaware Freedom of Information Act ("FOIA"), 29 *Del. C.* §§ 19991-10007, to access the Biden Senatorial Papers donated to the University of Delaware. The University denied the requests. Appellants filed petitions with the Office of the Attorney General of the State of Delaware challenging the denial. The Attorney General's Office issued opinions concluding that the records requested by Appellants are not subject to FOIA. Appellants appealed these opinions to the Superior Court. This Court affirmed the opinions.[1] Appellants appealed the Superior Court's ruling to the Supreme Court.

By Opinion dated December 6, 2021, the Delaware Supreme Court made the following findings.[2]

> Thus, we hold that unless it is clear on the face of the request that the demanded records are not subject to FOIA, to meet the burden of proof under Section 10005(c), a public body must state, under oath, the efforts taken to determine whether there are responsive records and the results of those efforts. Because the University's factual assertions to the Deputy Attorney General and the Superior Court were not made under oath and do not describe the efforts taken to identify responsive documents, they are not sufficient to meet FOIA's burden of proof. On remand, the Superior Court shall determine whether the University has satisfied its burden of proof based on competent evidence in accordance with this ruling. The Superior Court is granted leave to accept

---

[1] *Judicial Watch, Inc. v. Del. Dep't. of Justice,* 2021 WL 22550 (Del. Super.).
[2] *Judicial Watch, Inc v. University of Delaware,* 267 A.3d 996 (Del. 2021).

additional evidence or submissions as it deems necessary and appropriate.

* * *

Unless it is clear on the face of the request that the demanded records are not subject to FOIA, the public body must search for responsive records. A description of the search and the outcome of the search must be reflected through statements made under oath, such as statements in an affidavit, in order for the public body to satisfy its burden of proof. We note that it is not clear on the face of the requests for the Agreement or Communication Records that they are not subject to FOIA, and the University does not contend otherwise. On remand, the University bears the burden to create a record from which the Superior Court can determine whether the University performed an adequate search for responsive documents. Conversely, where it is clear on the face of a request that the demanded records are not subject to FOIA, the public body does not need to search the requested documents for responsive records. Nothing herein should be read to suggest that the University must search the Biden Senatorial Papers for responsive documents. The Superior Court held that the Biden Senatorial Papers are facially excluded from FOIA, and Appellants have not appealed that ruling.

* * *

For the reasons provided above, the Court AFFIRMS in part and REVERSES and REMANDS in part the Superior Court's judgment. On remand, the Superior Court shall reconsider whether the University satisfied its burden of proof, consistent with this opinion. The court may accept any additional evidence or submissions it deems necessary to determine whether the University has violated FOIA in accordance with this ruling.

## ANALYSIS ON REMAND

The University of Delaware filed an Opening Brief on Remand, accompanied by the Affidavit of Jennifer M. Becnel-Guzzo, Esq., University FOIA Coordinator. Appellant filed an Answering Brief, challenging the sufficiency of the Affidavit in several respects. The University did not request permission to file a reply, or otherwise respond, to the Answering Brief.

The Affidavit begins by describing the procedures the affiant generally follows in response to a FOIA request. Specifically with regard to requests involving Joseph R. Biden, Jr., the Affidavit states:

> 5. In recent years, I have responded to numerous FOIA requests having to do with the University's relationship to Joseph R. Biden, Jr. Thus, on several occasions I have inquired of University personnel, including the University's budget office and the University's library, whether State funds have been spent on a variety of matters or undertakings related to Mr. Biden. In no case have I found that State funds were spent by the University on any such matter or undertaking.
>
> 6. In addition, I have inquired whether the Biden Senate Papers were ever discussed at meetings of the full Board of Trustees and have confirmed no such discussions occurred.
>
> 7. After receiving FOIA requests for the Biden Senate Papers, including the FOIA requests at the center of this case, I inquired whether the University paid any consideration, State funded or otherwise, to Mr. Biden for the Senate Papers. It did not.

4

8. I also inquired whether the salaries of any University personnel involved in the custody and curation of the Senate Papers are paid with State funds. They are not.

9. I reviewed the gift agreement between the University and Mr. Biden relating to the Senate Papers to determine if State funds were mentioned. They are not. I have re-confirmed this finding to the Court at its request. *See* D.I. No. 18, Jan. 6, 2021 Ltr. To Judge Johnston.

10. Finally, I inquired whether state funds have been spent on the University's email system over which email communications between University personnel and any representative of Mr. Biden might have been exchanged. They were not.

11. Based on the foregoing, I determined that no State funds were spent by the University in any way that related to Mr. Biden or the Senate Papers. This is the same determination I reported to both the Department of Justice and this Court earlier in this case. *See* D.I. 1, Certified Record at 000017-18; 21; 31; 38; 47; 49-50. For these reasons, I believe the University appropriately denied the Petitioners' FOIA Requests.

The Affidavit states that inquiries were made, but does not say when, to whom, or what documents were reviewed (with the exception of the "gift agreement").

The Supreme Court held: "Requiring facts submitted under oath, such as through an affidavit, to justify the denial of records is consistent with [Section 10005(c)'s] scheme." The Supreme Court concluded that "unless it is clear on the face of the request that the demanded records are not subject to FOIA, satisfaction of Section 10005(c)'s burden of proof requires a statement made under oath...such as through a

sworn affidavit...." The Court finds that the statement under oath requirement has been met.

However, the remand mandates that the inquiry does not end with the University's filing of an Affidavit swearing to information previously provided. The Supreme Court directed reconsideration of whether the University satisfied its burden of proof.

> Because the University's factual assertions to the Deputy Attorney General and the Superior Court were not made under oath and do not describe the efforts taken to identify responsive documents, they are not sufficient to meet FOIA's burden of proof. On remand, the Superior Court shall determine whether the University has satisfied its burden of proof based on competent evidence in accordance with this ruling. The Superior Court is granted leave to accept additional evidence or submissions as it deems necessary and appropriate.

> * * *

> Unless it is clear on the face of the request that the demanded records are not subject to FOIA, the public body must search for responsive records. A description of the search and the outcome of the search must be reflected through statements made under oath, such as statements in an affidavit, in order for the public body to satisfy its burden of proof. We note that it is not clear on the face of the requests for the Agreement or Communication Records that they are not subject to FOIA, and the University does not contend otherwise. On remand, the University bears the burden to create a record from which the Superior Court can determine whether the University performed an adequate search for responsive documents.

6

The Supreme Court specifically did not "suggest that the University must search the Biden Senatorial Papers for responsive documents [because the] Superior Court held that the Biden Senatorial Papers are facially excluded from FOIA, and Appellants have not appealed that ruling."

The Court finds that the generalized statements in the Affidavit do not meet "the burden to create a record from which the Superior Court can determine whether the University performed an adequate search for responsive documents."  The University of Delaware must articulate who (identified at least by position within the University) provided the information: that no State funds were spent by the University; that no salaries of any University personnel involved in the custody and curation of the papers were paid with State funds; that no State funds were spent on the University's email system for communications between University personnel and Biden representatives; when such inquiries were made; and what, if any, documents (other that the gift agreement) were reviewed.

**THEREFORE**, Respondents are granted leave to submit additional information, under oath, within 45 days of the date of this Memorandum Opinion.

**IT IS SO ORDERED.**

*/s/ Mary M. Johnston*
**The Honorable Mary M. Johnston**
